Filed 12/23/24  P. v. Harris CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100864 |
| Plaintiff and Respondent, | (Super. Ct. No. 96F08879) |
| v. | |
| WILLIAM JAMES HARRIS, | |
| Defendant and Appellant. | |

Defendant William James Harris appeals the court's denial of his petition for resentencing.  Appellate counsel filed a brief raising no arguable issues under *People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436.  Defendant filed a supplemental brief contending the resentencing court erred in denying his petition without an evidentiary hearing.  We disagree and affirm because a defendant is not entitled to file such a petition.  Section references are to the Penal Code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In June 1998, a jury found defendant guilty of 17 felonies resulting from armed robberies he committed over a two-week period earlier that year. The trial court sentenced defendant to 53 years in prison, which included firearm enhancements.

In February 2019, defendant filed a resentencing petition pursuant to Senate Bill No. 620 (2017-2018 Reg. Sess.), effective January 1, 2018. The court denied defendant's petition finding that Senate Bill No. 620 did not apply to final judgments and defendant's judgment was final.

In August 2021, defendant filed a resentencing petition pursuant to Assembly Bill Nos. 1812 and 2942. In October 2021, the court denied his petition finding that it lacked jurisdiction to recall defendant's sentence without a recommendation from "the CDCR, the Board, or the District Attorney."

In September 2022, defendant filed a resentencing petition pursuant to changes in section 1170 following the passage of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill No. 567). The court dismissed the petition, determining it lacked jurisdiction to consider defendant's request.

In February 2023, defendant filed a resentencing petition pursuant to Senate Bill No. 567. In July 2023, the court dismissed the petition, determining it lacked jurisdiction to consider defendant's request.

In January 2024, defendant filed a motion for reconsideration of the October 2021 and July 2023 orders. On March 19, 2024, the court denied defendant's motion for reconsideration, finding the prior orders were correct: defendant was not entitled to petition the court for relief under section 1172.1, so the court was not required to respond. The court also found that defendant failed to provide "any reason to recall the sentence." And finally, the court found that defendant was eligible for early parole consideration as a youthful offender.

Defendant appeals from the March 19, 2024, order.

## DISCUSSION

Defendant contends the court erred in denying his resentencing petitions without a hearing. We disagree. Section 1172.1, subdivision (a)(1) permits a trial court to recall a defendant's sentence and resentence him only (1) on the court's own motion or (2) upon the recommendation of the Secretary of the Department of Corrections and Rehabilitation or the Board of Parole Hearings. "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).) Here, it was defendant who filed the petition for resentencing. Thus, he was not entitled to any response from the court, appointment of counsel, setting of a hearing, or solicitation of argument from defendant.

## DISPOSITION

The March 19, 2024 order denying defendant's motion for reconsideration is affirmed.

/s/
MESIWALA, J.

We concur:

/s/
EARL, P. J.

/s/
WISEMAN, J.*

---

*Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

3